IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GREGORY T. FAIR, SR.,

    Plaintiff,

v.

COMMERCIAL EXPRESS BUILDING
SERVICES INC., et al.,

    Defendants.

Case No. 2:20-cv-6519
Judge James L. Graham
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

This matter is before the Court on the September 16, 2021 Order to Show Cause. (Doc. 7). For the reasons that follow, the Undersigned **RECOMMENDS** Plaintiff's Complaint (Doc. 1) be **DISMISSED** for failure to prosecute pursuant to Rule 41.

**I.**     **BACKGROUND**

Plaintiff filed his Complaint on December 21, 2020 (Doc. 1), and a Motion for Leave to Proceed *in forma pauperis* on December 28, 2020 (Doc. 2). The Court granted the Motion for Leave to Proceed *in forma pauperis* on January 6, 2021 and ordered Plaintiff to submit a copy of the Complaint, a properly completed summons, and a Marshal service form for Defendants within fourteen days. Plaintiff submitted a summons as to Defendant Commercial Express Building Services Inc. on January 26, 2021. (Doc. 4). In late March 2021, Plaintiff called the Clerk of Court to ask about the progress of his case. The Clerk informed Plaintiff that he still needed to submit summonses for the remaining two Defendants, and Marshal service forms for all three Defendants.

On April 20, 2021, Plaintiff submitted summonses as to Defendants Vernon Greene and Karen Greene. (Doc. 6). Yet, he had still not submitted any Marshal service forms. Accordingly,

the Court directed the Clerk to mail Marshal service forms to Plaintiff for him to complete and return. When, in September 2021, he had still failed to do so, the Court issued an Order to Show Cause, ordering Plaintiff to provide the Clerk with the Marshal service forms or otherwise show cause why he had not within fourteen days. (Doc. 7). Plaintiff was warned that a failure to respond may result in a recommendation that Plaintiff's case be dismissed for failure to prosecute. (*Id.*). The Order to Show Cause, which was mailed to Plaintiff, was returned as undeliverable to the Court. (Doc. 8). Since that time, Plaintiff has not submitted the requisite Marshal service forms, has not updated the Court with a new mailing address, and has not in any other way attempted to contact the Court regarding this case.

## II.     STANDARD

The Court's inherent authority to dismiss an action because of a party's failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *see also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

2

*Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

### III.   DISCUSSION

On balance, the factors set forth in *Schafer* support dismissal. First, despite being afforded numerous opportunities to properly submit service paperwork, Plaintiff has failed to do so. Nor has Plaintiff responded to the Court's Order to Show Cause. (*See* Doc. 7). While, admittedly, Plaintiff did not receive the order through the Clerk's attempted mail correspondence, this ultimately reflects a failure by Plaintiff to keep the Court apprised of his updated contact information. Indeed, the Court's *Pro Se* Handbook, available through the Court's website, states: "[I]f your address or phone number changes, you must promptly notify the Court, in writing, of your new contact information. **If you fail to keep the Court informed of your current address/telephone number, your case may be dismissed for lack of prosecution.**" Clearly, Plaintiff has "a reckless disregard for the effect of [his] conduct on [the Court's] proceedings[,]" and thus acted with willfulness, bad faith, or fault. *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

While no Defendant has been served—so there is little risk of prejudice—the remaining factors also weigh in favor of dismissal. As described above, the *Pro Se* Handbook warns parties that a failure to keep the Court apprised of updated contact information may result in a dismissal for lack of prosecution. The Court warned of the same in its Order to Show Cause. (Doc. 7). And it was impressed upon Plaintiff numerous times, through Court order (Doc. 3), and through communications with the Clerk, that the case could not proceed until the proper service forms were

3

submitted. Further, the Undersigned considered less drastic sanctions than dismissal but concludes that any such effort would be futile given Plaintiff's continued failure to participate in these proceedings. *Grange Mut. Cas. Co. v, Mack*, 270 F. App'x 372, 377 (noting that a court must simply "consider" lesser sanctions but is not required to actually issue such sanctions before granting a dismissal for failure to prosecute).

In view of the foregoing, the Undersigned concludes Plaintiff has abandoned this action. Although this Court has a "favored practice of reaching a disposition on the merits," the Court's "need to manage its docket [and] the interest in expeditious resolution of litigation . . ." outweigh allowing this case to linger. *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993).

## IV. CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** Plaintiff's Complaint (Doc. 1) be **DISMISSED** for failure to prosecute pursuant to Rule 41.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: February 16, 2022                     /s/Kimberly A. Jolson
                                            KIMBERLY A. JOLSON
                                            UNITED STATES MAGISTRATE JUDGE